

**Husch & Eppenberger, LLC**

*Attorneys and Counselors at Law*

314.480.1961 direct dial
jayson.clark@husch.com

190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105-3441
314.480.1500
Fax 314.480.1505
www.husch.com

December 28, 2005

Jeffery W. Green
201 East Main Street, Suite 2B
Post Office Box 1383
Carbondale, IL 62901

Re:   Sean Watson vs. Don Poore, et al.

Dear Mr. Green:

In light of admissions that Sean Watson made in his December 13, 2005 deposition, it is now apparent that each and every one of the claims he asserted against my clients in this case are completely unsupported and should be dismissed. It is also now apparent that you violated Rule 11 of the Federal Rules of Civil Procedure by making false allegations and other false factual contentions in the Complaint you filed on March 15, 2005. Furthermore, it is also now apparent that my clients have valid claims against Mr. Watson for malicious prosecution and defamation due to a number of false allegations contained in Mr. Watson's Complaint. Examples of admissions Mr. Watson made which give rise to the foregoing include, but are not limited to the following:

First, Mr. Watson admitted in his deposition that <u>he does not own Watson Funeral Home</u>. As a result, Mr. Watson lacks standing to bring suit on behalf of Watson Funeral Home. This admission alone provides my clients with grounds to seek dismissal of Mr. Watson's claims against them. Furthermore, the fact that you falsely alleged that Mr. Watson owns Watson Funeral Home in the Complaint provides my clients with grounds to move the Court for imposition of sanctions against you, pursuant to Rule 11 of the Federal Rules of Civil Procedure. You had a duty to investigate the essential facts alleged in the Complaint you filed. Your failure to establish whether Mr. Watson was even the real party in interest with standing to sue is completely unacceptable. My clients have incurred significant legal expenses in defending this invalid claim. Similarly, my clients also now have a valid claim against Mr. Watson for malicious prosecution due to the fact that he filed this lawsuit knowing that he lacked standing to do so.

ST. LOUIS • DOWNTOWN ST. LOUIS • KANSAS CITY • JEFFERSON CITY • SPRINGFIELD • PEORIA

CHATTANOOGA • DOWNTOWN MEMPHIS • EAST MEMPHIS • NASHVILLE

**EXHIBIT E**

# Husch & Eppenberger, LLC

Jeffery Greene
December 28, 2005
Page: 2

Mr. Watson also admitted in his deposition that he never notified my clients of his supposed rights in the mark "Watson Funeral Home," as falsely alleged in paragraph 20 of his Complaint. This admission also provides my clients with grounds for moving the Court to impose sanctions against you, pursuant to Rule 11 of the Federal Rules of Civil Procedure. In addition, by falsely alleging in paragraph 20 that my clients willfully and deliberately infringed on his supposed rights in the mark Watson Funeral Home after having been notified of Mr. Watson's supposed rights, Mr. Watson defamed my clients.

Mr. Watson also admitted in his deposition that neither Jon Poore nor Don Poore ever attempted to sell the www.watsonfuneralhome.com domain name to Plaintiff as falsely alleged in paragraph 15 of his Complaint. Again, this admission provides my clients with both grounds to move the Court for imposition of sanctions against you and grounds to sue Mr. Watson for defamation.

Mr. Watson also admitted in his deposition that he has no evidence whatsoever supporting his allegation that Watson Funeral Home has been damaged by virtue of any alleged misappropriation of the domain name www.watsonfuneralhome.com by my clients. Indeed, Mr. Watson conceded in his deposition that his claim for damages is based solely on his own pure speculation. This admission will certainly undermine any chance Mr. Watson (or the true owner of Waston Funeral Home) might have to recover money damages in this case.

In light of the foregoing admissions, you should withdraw Mr. Watson's Complaint against my clients immediately. Failure to do so will result in a motion for sanctions by my clients pursuant to Rule 11 of the Federal Rules of Civil Procedure. Accordingly, please consider this letter your 21 day notice pursuant to the requirements of Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure.

My clients are also prepared to commence litigation against Mr. Watson for defamation and malicious prosecution. However, in the interest of ending this dispute for good, I have convinced my clients to make one last attempt to settle this case before moving forward with any new lawsuits. My clients propose the following: They will transfer ownership of the domain name www.watsonfuneralhome.com to Jerry D. Watson (the actual owner of Watson Funeral Home) in exchange for a release of all claims against my clients involving the domain name www.watsonfuneralhome.com signed by Jerry D. Watson, Cindy Watson, Sean Watson and Marci Watson. Please be advised that my clients will not accept any counter-offer that includes payment of monetary amounts from them to Mr. Watson.

# Husch &
## Eppenberger, LLC

Jeffery Greene
December 28, 2005
Page: 3

As I stated in my June 24, 2005 letter, it seems that money damages really are not the issue in this case anyway. Mr. Watson's admission that he has no evidence of any financial loss suffered by virtue of my clients' alleged misappropriation of the www.watsonfuneralhome.com domain name proves my point. Mr. Watson's admission that Watson Funeral Home's business has increased this year further proves my point. If Mr. Watson persists in his effort to seek money from my clients via this lawsuit, then there will be no settlement and my clients will file the appropriate motions to dismiss the pending claims against them and will commence litigation against Mr. Watson as described herein.

As you are obligated to do, please share my clients' settlement offer with Mr. Watson at your earliest convenience. If no settlement is reached in this case by January 31, 2006, then my clients will immediately file suit against Mr. Watson for defamation and malicious prosecution. Furthermore, if you do not withdraw Mr. Watson's Complaint against my clients within 21 days of this letter, then my clients will file a motion for sanctions against you pursuant to Rule 11 of the Federal Rules of Civil Procedure.

My clients have now offered to transfer ownership of the www.watsonfuneralhome.com domain name to either Mr. Watson or Jerry D. Watson on at least two occasions. Mr. Watson stated in his deposition that he wanted the domain name. However, in spite of his professed desire to obtain the domain name, Mr. Watson has consistently refused my clients' offers transfer it to him – the first of which was extended on June 24, 2005. Please inform Mr. Watson that my clients are aware of other individuals and entities interested in acquiring the domain name www.watsonfuneralhome.com. If Mr. Watson does not accept my clients' settlement offer by January 31, 2006, then my clients will transfer the domain name to one of these other interested parties.

If you would like to discuss this matter, please give me a call at (314) 480-1961 or (314) 330-5984. Thank you in advance for your prompt attention to this matter. I look forward to hearing from you soon.

Very truly yours,

Jayson M. Clark