IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY WATSON,** | ) |
| **d/b/a Watson Funeral Home,** | ) |
| **and SHAWN WATSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No.  **05-4047-JLF** |
| | ) |
| **DON POORE, and JON POORE,** | ) |
| **d/b/a Colonial Terrace Funeral Home,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge**:

Before the Court is Defendants' Motion for Rule 11 Sanctions.  **(Doc. 22)**.  Plaintiff filed a response.  **(Doc. 23)**.  Defendant then filed a reply, and later filed a supplemental memorandum in support.  **(Docs. 26and 36)**.

This is suit by the owners of one funeral home against the owners of a competing funeral home, seeking damages for trademark infringement, unfair competition, and cybersquatting. Watson Funeral Home and Colonial Terrace Funeral Home are both located in Eldorado, Illinois. According to the allegations of the original and amended complaints, defendants registered the domain name "www.watsonfuneralhome.com" and redirected visitors to that site to the website for Colonial Terrace.

The original plaintiff was "Shawn Watson, d/b/a Watson Funeral Home."  On January 26, 2006, defendants first filed their motion for Rule 11 sanctions, which was docketed at **Doc. 19**. The first motion for Rule 11 sanctions was stricken because it was not signed.  **See, Doc. 21**.

1

About five hours after the first motion for Rule 11 sanctions was filed, plaintiff filed a motion for leave to amend the complaint, which was in turn stricken for failure to comply with the electronic filing rules.  **See, Docs. 20 and 24.**  Both motions were refiled.

Plaintiff's motion for leave to amend was granted.  The amended complaint added  "Jerry Watson, d/b/a Watson Funeral Home" as a plaintiff.  Jerry Watson is the father of the original plaintiff, Shawn Watson.  Jerry Watson is alleged to be the owner of Watson Funeral Home, which is apparently operated as a family business.  The amended complaint alleges that Shawn is the "profiting [sic] sharing manager" of the business.  **Doc. 33, ¶2**.

Defendants seek sanctions under **Fed.R.Civ.P. 11** primarily because Shawn Watson, the original plaintiff, has no ownership interest in Watson Funeral Home and therefore has no standing to bring suit.  Defendants also point to other allegations in the complaint which they characterize as false.

The Court notes that defendants have not moved to dismiss under Rule 12 or for summary judgment under Rule 56.  Rather, they seek dismissal of the lawsuit and the imposition of monetary sanctions against both plaintiff Shawn Watson and his attorney.

**Rule 11(c)** creates a "safe harbor period" as follows:

> A motion for sanctions under this rule ...shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

**Fed.R.Civ.P. 11(c)(1)(A).**

The safe harbor period begins to run "only upon service of the motion;" the purpose of this provision is to "stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule."  Advisory Committee Notes, 1983 Amendment.

2

Compliance with the 21 day safe harbor provision is "not merely an empty formality." ***Divane v. Krull Electric Co., Inc.***, 200 F.3d 1020, 1026 (7th Cir. 1999).

Here, defendants did not comply with the requirements of Rule 11(c) in that they did not serve their motion for sanctions 21 days before filing it with the Court.  Instead of serving the motion, defendants' attorney sent a letter to plaintiffs' attorney, a copy of which is attached to **Doc. 22 as Exhibit E**.

Counsel's letter identified several "admissions" made by Shawn Watson in his deposition, and asserts that these admissions justify the filing of a motion for Rule 11 sanctions against plaintiff's counsel.  The letter threatens that a sanctions motion will be filed unless the complaint is withdrawn immediately.  The threat to file a sanctions motion against the attorney is coupled with a threat to file suit against Shawn Watson for defamation and malicious prosecution.   The letter ends by making a settlement offer.

While the Advisory Committee Notes contemplate that informal notice will often be given, the Notes also make clear that such informal notice does not take the place of service of the motion itself.

Counsel's letter demonstrates the wisdom of starting the 21 day safe harbor period only upon service of the motion itself, rather than service of a letter.  The Advisory Committee Notes caution that Rule 11 motions should not be used "to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine."

Plaintiffs' counsel did not get the benefit of the 21 day safe harbor because the sanctions motion was not served on him.  Plaintiffs' counsel did take action immediately after the sanctions motion was filed, in that he moved for leave to amend.

Because the procedure required by **Rule 11(c)(1)(A)** was not followed,  the motion for sanctions must be denied.

For the foregoing reasons, Defendants' Motion for Rule 11 Sanctions **(Doc. 22)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  August 11, 2006.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**