IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY WATSON,** | ) |
| **d/b/a Watson Funeral Home,** | ) |
| **and SHAWN WATSON,** | ) |
| | ) |
|      Plaintiffs, | ) |
| | ) |
| v. | )    Civil No. **05-4047-JLF** |
| | ) |
| **DON POORE, and JON POORE,** | ) |
| **d/b/a Colonial Terrace Funeral Home,** | ) |
| | ) |
|      Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to Judge James L. Foreman pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants' Second Motion for Rule 11 Sanctions **(Doc. 47)** and Defendants' Motion to Strike Plaintiffs' Response **(Doc. 54)**.

Defendants filed their sanctions motion on November 8, 2006. Pursuant to SDIL-LR 7.1(g), plaintiffs' response was due within ten days after service of the motion. Thirty days after the motion was filed, plaintiffs filed a response. **Doc. 53**. There appears to be no valid reason for the late filing, and the Court therefore recommends that the Motion to Strike **(Doc. 54)** be **GRANTED**.

The Court observes that consideration of plaintiffs' response would not change the outcome of this Report and Recommendation. Plaintiffs' response to the instant motion is essentially the same as their response to defendants' first motion for sanctions, **Doc. 23.**

1

Plaintiffs admit that Shawn Watson[1] has no present ownership interest in Watson Funeral Home, and admit that plaintiffs and their attorney were aware of that fact when suit was filed.

This is suit by the owner of one funeral home against the owners of a competing funeral home, seeking damages for trademark infringement, unfair competition, and cybersquatting. Watson Funeral Home, owned by plaintiff Jerry Watson, and Colonial Terrace Funeral Home, owned by defendants, are both located in Eldorado, Illinois.  According to the allegations of the original and amended complaints, defendants registered the domain name "www.watsonfuneralhome.com" and redirected visitors to that site  to the website for defendants' funeral home, Colonial Terrace.

Suit was originally filed in the name of  "Shawn Watson, d/b/a Watson Funeral Home." On January 26, 2006, defendants first filed a motion for Rule 11 sanctions, which was docketed at **Doc. 19**.  The first motion for Rule 11 sanctions was stricken because it was not signed.  **See, Doc. 21**.  About five hours after the first motion for Rule 11 sanctions was filed, plaintiff filed a motion for leave to amend the complaint, which was in turn stricken for failure to comply with the electronic filing rules.  **See, Docs. 20 and 24.**  Both motions were refiled.

Plaintiff's motion for leave to amend was granted.  The amended complaint added  "Jerry Watson, d/b/a Watson Funeral Home" as a plaintiff.  Jerry Watson is the father of the original plaintiff, Shawn Watson.  Jerry Watson is alleged to be the owner of Watson Funeral Home, which is apparently operated as a family business.  The amended complaint retains Shawn Watson as a plaintiff, and alleges that Shawn is the "profiting [sic] sharing manager" of the

---

[1]Defendants state that this plaintiff's name should be spelled "Sean."  Because he has been consistently referred to as "Shawn" in all pleadings filed by plaintiffs, the Court will continue to use that spelling.

business.  **Doc. 33, ¶2**.

After their original motion for sanctions was stricken, defendants refiled it as **Doc. 22.**
The Court denied that motion because defendants failed to demonstrate that they had complied
with the safe harbor provision of Fed.R.Civ.P. 11.  **See, Doc. 39**.

Defendants now seek sanctions primarily because Shawn Watson  has no ownership
interest in Watson Funeral Home and therefore has no standing to bring suit.  Defendants also
point to other allegations in the complaint which they characterize as false.  Because all other
such allegations flow from the initial premise that Shawn has an ownership interest in the
business that permits him to recover damages here, the Court has focused on that allegation.

Defendants seek dismissal of Shawn Watson's claims and the imposition of monetary
sanctions against both plaintiff Shawn Watson and his attorney.  Defendants have complied with
the safe harbor provision of Rule 11(c) with respect to the present motion.  **See, Doc. 48, Exhibit**
**D.**

It is clear that Shawn Watson has no ownership interest in Watson Funeral Home.  The
business is a sole proprietorship owned by Shawn's father, Jerry Watson.  Shawn Watson
admitted as much in his deposition.  **See, Doc. 48, Exhibit 1**.  Plaintiff's responses to the first
motion for sanctions and to the instant motions state as follows:

> At the time of initiating this action Plaintiff's counsel met with both Plaintiff Shawn
> Watson and his father Jerry Watson. Jerry Watson serves as the titular owner of family
> business while, his son, Shawn Watson is a profit-sharing manager who handles all day
> to operations of the funeral home and will assume full ownership upon his father's
> retirement. At the time of filing this claim, Jerry Watson wished to be excluded from the
> suit primarily due to the fact he had little knowledge of computers and the Internet.
> Furthermore, Shawn Watson had been primarily involved in the alleged incident(s) at
> issue, as such he felt that he could offer little to the suit. At this time, Jerry Watson was
> advised there would be a high likelihood that he would be required to participate as a
> Plaintiff in the suit due to the requirements of Federal Rule of Civil Procedure 17. He

agreed that he would participate if asked to do so.

**Doc. 23, p. 2**; **Doc. 53, p.2.**

Shawn Watson is not the owner of Watson Funeral Home and therefore cannot recover for damages to the business.  The original complaint falsely identified Shawn as "d/b/a Watson Funeral Home" and stated that he operates the business and has rights in the name and mark "Watson Funeral Home."   The amended complaint, which names both Jerry and ShawnWatson as plaintiffs, identifies Shawn as the "the profiting [sic] sharing manager of his family's funeral home" and states that "plaintiffs" operate the business and have rights in the name and mark "Watson Funeral Home."  **Doc. 33, ¶¶2, 10, 13**.

Plaintiff's counsel has never identified any theory under which Shawn Watson, who is an employee and not an owner of the business, could recover damages in this case.  Nor has he ever identified any theory under which Shawn could have rights in the mark Watson Funeral Home. Notably, plaintiffs' response to defendants' motion for summary judgment fails to address this point.

Rule 11(b)(2) provides that an attorney who signs a pleading certifies that "the claims ... therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  This Court believes that plaintiff's counsel violated Rule 11(b)(2) by asserting claims for damages on behalf of Shawn Watson in both the original and amended complaints.

Sanctions under Rule 11 may be monetary and/or nonmonetary.  Rule 11(c)(2)(A) states that monetary sanctions for violation of subdivision (b)(2) shall not be awarded against a party who is represented by counsel.   Monetary sanctions should be imposed against plaintiff's

counsel, but not against Shawn Watson, for this violation.

Sanctions under Rule 11 are meant to deter.  Rule 11(c)(2).  Because the purpose is to deter and not to compensate, a monetary sanction "should ordinarily be paid into court as a penalty."  Under "unusual circumstances, particularly for (b)(a) violations," it may be appropriate to order that monetary sanctions be paid to the party injured by the violation.  Advisory Committee Comments to the 1993 Amendments.  The Court does not view the instant situation to be such "unusual circumstances," and therefore recommends that plaintiff's counsel, Jeffery W. Green, ordered to pay the sum of $2,000.00 to the court as a sanction for violation of Rule 11(b)(2).

This Court also recommends that the claim of Shawn Watson be dismissed with prejudice as an additional sanction for said violation.  Dismissal is a severe sanction, but "it is proper for the trial court to impose a severe sanction where the sanction is sufficient to deter repetition of the misconduct or to deter similar conduct by third parties."  **Jimenez v. Madison Area Technical College, 321 F.3d 652, 657 (7th Cir. 2003)**

Because plaintiff has failed to suggest any theory under which Shawn Watson could recover for damages suffered by a business not owned by him, dismissal of his claim is an appropriate sanction and is not overly severe.

## **Recommendation**

This Court recommends that Defendants' Motion to Strike Plaintiffs' Response **(Doc. 54)** be **GRANTED**.

This Court further recommends that Defendants' Second Motion for Rule 11 Sanctions **(Doc. 47)** be **GRANTED** and that sanctions be imposed as follows:

1.      plaintiff's counsel, Jeffery W. Green, should ordered to pay the sum of $2,000.00

        to the court as a sanction for violation of Rule 11(b)(2); and

2.      plaintiff Shawn Watson's claim against defendants should be dismissed with

        prejudice.

Objections to this Report and Recommendation must be filed on or before January 2,

2007.

**Submitted: December 12, 2006.**


                                        s/ Clifford J. Proud
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**